Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back
Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. CL-20-1941-G

Exhibit A

| | | | |
|---|---|---|---|
| **Lucila Leal VS. La Joya Independent School District** | | Case Type: | **All Other Civil Cases (OCA)** |
| | § § § § § § § | Date Filed: | **04/24/2020** |
| | | Location: | **County Court at Law #7** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **La Joya Independent School District** | |
| | | |
| **Plaintiff** | **Leal, Lucila** | **MAURO F. RUIZ** |
| | | *Retained* |
| | | 956-259-8200(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/24/2020 | **Original Petition (OCA)** |
| | *POP w/ Jury Fee and Discovery Exhbits* |
| 05/08/2020 | **Citation Issued** |
| | *LA JOYA IND SCHOOL DISTRICT* |
| 05/13/2020 | **Service Returned - Served** |
| | *Citation served* |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Leal, Lucila | | | |
| Total Financial Assessment | | | 322.00 |
| Total Payments and Credits | | | 322.00 |
| **Balance Due as of 05/27/2020** | | | **0.00** |
| | | | |
| 04/27/2020 | Transaction Assessment | | 322.00 |
| 04/27/2020 | EFile Payments from TexFile | Receipt # 2020-004792    Leal, Lucila | (322.00) |

Electronically Submitted
4/24/2020 4:27 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CAUSE NO. **CL-20-1941-G** _____

| | | |
|---|---|---|
| **LUCILA LEAL** | §<br>§ | **IN THE COUNTY COURT** |
| **v.** | §<br>§ | **AT LAW NO. ____** |
| **LA JOYA INDEPENDENT SCHOOL<br>DISTRICT** | §<br>§<br>§ | **OF HIDALGO COUNTY** |

---

## PLAINTIFF'S ORIGINAL PETITION WITH JURY
## DEMAND & DISCOVERY EXHIBITS

---

**NOW COMES,** Lucila Leal, Plaintiff, herein, and files this, her Original Petition with

Jury Demand and Discovery Exhibits, and would respectfully show unto the court as

follows:

### Section 1

### Discovery Control Plan

**1.01**   This case is filed pursuant to Section 190.3 (Level 3) of the Texas Rules of

Civil Procedure.

### Section 2

### Parties

**2.01**   Plaintiff, Lucila Leal, is a resident of Hidalgo County, Texas.

**2.02**   Defendant, La Joya Independent School District ("the District"), and can be

served with process by serving its registered agent at the following address:

Dr. Gisela Saenz
201 E. Expressway 83
La Joya, Texas 78560

---

Electronically Submitted
4/24/2020 4:27 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

**CL-20-1941-G**
**Section 3**

## Jurisdiction & Venue

**3.01**    The termination made the basis of this lawsuit occurred in Hidalgo County, Texas.  As such, jurisdiction and venue are proper in Hidalgo County.

**3.02**    Plaintiff seeks to recover all of her damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as the trier of fact.  In order to comply with the Texas Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47©, Plaintiff pleads that she anticipates (at this time) that the amount of damages she will request the jury to assess at trial will be more than $200,000.00 but not more than $1 million.

### Section 4

## Exhaustion of Administrative Remedies

**4.01**    On or about February 26, 2020, Plaintiff received a Dismissal and Notice of Right to File a Civil Action. **See Exhibit A**

### Section 5

## Factual Allegations

**5.01**    Ms. Leal was employed by La Joya ISD as a licensed specialist school psychologist ("LSSP") in the district's special education department.

**5.02**    Ms. Leal was employed by the district for over  eleven (11) years.

**5.03**    She exhausted her internal administrative remedies.

**5.04**    On or about September 17th, the La Joya school board affirmed Ms. Leal's termination.

**5.05**    The district discharged Ms. Leal, deciding against renewing Ms.  Leal's contract for the 2018-2019 school year based on fabricated misconduct.

Electronically Submitted
4/24/2020 4:27 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CL-20-1941-G

**5.06**    The district did not reprimand or discipline Ms. Leal for any alleged instance of misconduct at or near the time of the alleged misconduct.

**5.07**    What is not fabricated is Ms. Leal's medically-backed request for a reasonable accommodation.

**5.08**    Ms. Leal sought an reasonable accommodations for her disability which arose from a total left hip replacement.   The hip replacement occurred on June 30,  2014.

**5.09**    Ms. Leal was also age sixty-one (61) at the time the district discharged her.

**5.10**    The district's discharge of Ms. Leal was pretextual.

**5.11**    The district's decision to terminate Ms. Leal was motivated by unlawful age and disability discrimination in violation of Chapter 21 of the Texas Labor Code, the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967.

**5.12**    The district treated Ms. Leal unfairly because similarly-situated employees, who were not disabled but who had violated district policy were not terminated by the district.

**5.13**    Ms. Leal was part of a protected class in that she was age 61 at the time of her discharge.

**5.14**    At the time of her discharge, Ms. Leal was qualified to perform the essential job functions of her position.

**5.15**    The district treated Ms. Leal unfairly because of her age (61) while similarly-situated employees who were younger than Ms. Leal and had violated district policy were not terminated by the district.

**5.16**    Ms. Leal's duties were assigned in whole or in part to younger employee(s).

Electronically Submitted
4/24/2020 4:27 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

**CL-20-1941-G**

**5.17**   Ms. Leal's duties were assigned to employees who were not "disabled" as defined by the Americans with Disabilities Act.

**5.18**   Ms. Leal was replaced by an employee age 55 or younger.

**5.20**   Alternatively, Ms. Leal was replaced by an employee under age 50.

**5.21**   Ms. Leal's duties were assigned to employees who were not "disabled" as defined by the Americans with Disabilities Act.

**5.22**   The district knew of Ms. Leal's  disability.

**5.23**   The district knew Ms. Leal requested an accommodation.

**5.24**   The Texas Workforce Commission (TWC) awarded Ms. Leal unemployment benefits.

**5.25**   The TWC found La Joya did not have good cause for terminating Ms. Leal.

**Section 6**

**<u>CAUSES OF ACTION</u>**

**6.01**   Plaintiff incorporates the facts asserted in Section 5.01 through Section 5.15 throughout this section.

**6.02   Texas Labor Code Chapter 21**.   The district violated Chapter 21 of the Texas Labor Code in that Ms. Leal's discharge was motivated by unlawful age and disability discrimination.   Ms. Leal seeks compensatory damages under Chapter 21.2585 of the Texas Labor Code. Furthermore, Ms. Leal seeks reinstatement, costs and attorney's fees under Chapter 21.259 of the Texas Labor Code.

**Section 7**

**Damages**

**7.01**   As a direct and proximate result of Defendant's conduct, Ms. Leal suffered the following injuries and damages:

Electronically Submitted
4/24/2020 4:27 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

CL-20-1941-G

a.    Plaintiff was denied the same benefits and pay as similar younger employees and seeks the difference in pay;

b.    Plaintiff was unlawfully discharged from employment with Defendant. Plaintiff seeks any lost wages, past and future, to which she may be entitled;

c.    Plaintiff suffered emotional pain, past and future;

d.    Plaintiff suffered pecuniary damages, for which she now seeks recovery;

e.    Plaintiff seeks reinstatement;

f.    Inconvenience damages, past and future;

g.    Loss of enjoyment of life, past and future;

h.    Future pecuniary damages;

I.    Non-Pecuniary damages, past and future; and

j.    Suffering, past and future;

## Section 8

## DISCOVERY

8.01 Plaintiff attaches the following discovery requests to this Original Petition:

**Exhibit B**    Plaintiff's First Set of Discovery (Requests for Production, Requests for Admissions and Requests for Disclosures) to Defendant, La Joya ISD.

## Section 9

## Attorney's Fees

**9.01**    Plaintiff is entitled to an award of attorney's fees, expert fees and costs under the Texas Labor Code.

## Section 10

## Jury Demand

**10.01** Plaintiff requests a trial by jury.

Electronically Submitted
4/24/2020 4:27 PM
Hidalgo County Clerk
Accepted by: Aurelio Aleman

**CL-20-1941-G**
**Prayer**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be summoned to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; attorney's fees and expert fees, together with interest, including pre and post-judgment interest, as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203


    _/s/ Mauro F. Ruiz_____
Mauro F. Ruiz
State Bar No.: 24007960
**e-File ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**



CL-20-1941-G



Lucila Leal
3319 W. Hwy 107 Apt. #44
Edinburg, TX 78539

# NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

### Lucila Leal v. LA JOYA ISD

| TWCCRD Charge No. | EEOC Charge No. | TWCCRD Representative: |
|---|---|---|
| 1A19787 | 31C-2019-00837 | Myron J. Lewis |

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]     The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]     Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]     The Respondent employs less than the required number of employees or not otherwise covered by the statutes.

[ ]     We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]     Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]     While reasonable efforts were made to locate you, we were not able to do so.

[ ]     You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]     The TWCCRD issues the following determination: Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]     Other (briefly explain): **Notice of Right to File Civil Action**

**CL-20-1941-G**

Lucila Leal v. LA JOYA ISD
TWCCRD Charge No: 1A19787
EEOC Charge No. 31C-2019-00837

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE:

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 200.

On behalf of the Division
Bryan Snoddy
Division Director

Date

cc:

Mauro F. Ruiz
RUIZ LAW FIRM
118 W. Pecan Blvd
Mcallen, TX 78501

Kristi Godden
O'HANLON, DEMERATH & CASTILLO
808 West Avenue
Austin, TX 78701

3/9/2020

**PLAINTIFF'S EXHIBIT B**

**CL-20-1941-G**

**CAUSE NO:** _____

| | | |
|---|---|---|
| LUCILA LEAL | § | IN THE COUNTY COURT |
| | § | |
| v. | § | AT LAW NO. _____ |
| | § | |
| LA JOYA INDEPENDENT SCHOOL DISTRICT | § § | HIDALGO COUNTY, TEXAS |

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUESTS FOR ADMISSION & REQUESTS FOR DISCLOSURE TO DEFENDANT**

---

**TO:** **LA JOYA ISD**, Defendant in the above-styled and numbered cause.

Pursuant to the Texas Rules of Civil Procedure, Plaintiff serves these Interrogatories, Requests for Production, Requests for Admission and Requests for Disclosure upon you. The answers to interrogatories shall be made under oath, separately and fully in writing and the responses request for production shall be made, within fifty (50) days after the service of such interrogatories, requests for production, requests for admission and requests for disclosure shall be served on the undersigned counsel of record. Plaintiff also requests that Defendant continue to supplement its responses to these discovery requests as per the Texas Rules of Civil Procedure.

EACH OF THE FOLLOWING INTERROGATORIES AND REQUEST FOR PRODUCTION SHALL INCORPORATE THE FOLLOWING DEFINITIONS:

**DEFINITIONS:** These definitions shall have the following meanings, unless the context requires otherwise:

1.    "Plaintiff," or "Lucila Leal" means Lucila Leal, her agents, representatives, and all other persons acting in concert with her, or under her control, whether directly or indirectly, including any attorney.

2.    "Defendant," La Joya ISD, it's agents, representatives, and all other persons acting in concert with it, or under it's control, whether directly or indirectly, including any attorney.

3.    "You" or "your" means La Joya ISD.

4.    "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations,

---

*Leal v. La Joya ISD*

Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant **Page 1**

CL-20-1941-G

conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets, including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained and any and all writings or recordings of any type or nature), in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

5.    "File" means any collection or group of documents maintained, held, sorted, or used together, including, without limitation, all collections of documents maintained, held or stored in folders, notebooks, or other devices for separating or organizing documents.

6.    "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7.    "Date" means the exact date, month, and year, if ascertainable, or if not, the best available approximation.

8.    "Describe" or "identify," when referring to a person, means you must state the following:

      a.    The full name.
      b.    The present or last known residential address; & the present or last known office address and telephone numbers.
      c.    The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
      d.    In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

9.    "Describe" or "identify," when referring to a document, means you must state the following:

      a.    The nature (*e.g.*, letter, handwritten note) of the document.

      b.    The title or heading that appears on the document.

      c.    The date of the document and the date of each addendum, supplement, or other addition or change.

---

*Leal v. La Joya ISD*                    Plaintiff's First Set of Interrogatories, Requests for
                                         Production, Requests for Admission & Requests for
                                         Disclosure to Defendant                    **Page 2**

CL-20-1941-G

    d.    The identity of the author and of the singer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    e.    The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10.    The word "and" means "and/or."

11.    The word "or" means "or/and."

12.    The word "any" means "any and all."

13.    "Event" or "incident", unless otherwise indicated, means the event or incident made the basis of this lawsuit.

14.    "Time of incident" or "date of incident " or "incident date" means the date and time of the incident made the basis of this lawsuit, on or about September 17, 2018.

15.    "Including" means including but not limited to.

16.    "Possession" means possession, custody, or control, and includes not only actual physical possession, but also constructive possession as defined by the Texas Rules of Civil Procedure.

17.    "Subject Incident" refers to the incident which occurred September 17, 2018.

18.    "Relevant time period" refers from 2015 - to present.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203

    */s/ Mauro F. Ruiz*
Mauro F. Ruiz
State Bar No.: 24007960
**e-File ONLY:** admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**

---

CL-20-1941-G

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:
Produce the complete personnel files, including performance evaluations, disciplinary actions and payroll of the following persons:

> Plaintiff;
> Special Education Department Head;
> Plaintiff's Supervisor (Andrea) at time of termination;
> Persons who replaced Plaintiff (in whole or in part); and
> All persons involved in the decision to terminate Plaintiff.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:
Produce correspondence between you and the Texas Workforce Commission Civil Rights Division relating to charge of discrimination filed by Plaintiff against you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:
Produce documents you relied on to justify terminating Plaintiff as an LSSP.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:
Produce documents you relied on to justify not renewing Plaintiff's contract for the 2018-2019 school year.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:
Produce documents you relied on to justify the termination of Plaintiff.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6:
Produce documents you relied on to justify non-renewing Plaintiff's contract.

### RESPONSE:

---

*Leal v. La Joya ISD*                    Plaintiff's First Set of Interrogatories, Requests for
                                       Production, Requests for Admission & Requests for
                                       Disclosure to Defendant                    **Page 4**

CL-20-1941-G

## REQUEST FOR PRODUCTION NO. 7:
Trial exhibits. Tex. R. Civ. P. 192.5(c)(2) (Vernon 1999).

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 8:
Written statements made by the Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 9:
Oral statements made by Plaintiff which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 10:
Documents signed by Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 11:
Documents used to impeach Plaintiff in the possession, constructive possession, custody or control of Defendant or Defendant's attorney or anyone acting on Defendant's behalf.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 12:
Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff by the Defendant, or anyone acting on Defendant's behalf, including complete and legible transcripts.

### RESPONSE:

## REQUEST FOR PRODUCTION NO. 13:
Produce ethics manuals in effect from 2018 to the present.

### RESPONSE:

*Leal v. La Joya ISD*                    Plaintiff's First Set of Interrogatories, Requests for
Production, Requests for Admission & Requests for
Disclosure to Defendant                    **Page 5**

CL-20-1941-G

**REQUEST FOR PRODUCTION NO. 14:**
Employee manuals reflecting policies, practices and protocols in effect during September 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Produce your EEOC policy manual in effect from 2015 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Produce personnel files of all those individuals identified in Interrogatory No. 11.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Manuals identified by you in response to Interrogatory No. 5.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Produce Plaintiff's job description in May 2018.

**RESPONSE:**

## END OF REQUESTS FOR PRODUCTION

*Leal v. La Joya ISD*

Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant                **Page 6**

## CL-20-1941-G

## INTERROGATORIES

**INTERROGATORY NO. 1**:
Identify all persons who assisted in answering the following interrogatories.

**ANSWER**:

**INTERROGATORY NO. 2**:
For each individual involved in the decision to change Plaintiff's job description/job duties, please provide the following:

    a.    Name;
    b.    Title/Position;
    c.    Work Address;
    d.    Date of Birth;
    e.    Race;
    f.    national origin.

**ANSWER:**

**INTERROGATORY NO. 3**:
Explain the reason(s) Plaintiff's contract was not renewed for the 2018-2018 school year.

**ANSWER**:

**INTERROGATORY NO. 4**:
Please state with reference to each job which the Plaintiff held while employed by the Defendant:

    a.    The title and a description of each job;
    b.    The dates worked;
    c.    The monthly salary for each job;
    d.    Yearly bonuses for each year;
    e.    A description of the fringe benefits received for each job;
    f.    Each supervisor's name, address, and title;
    g.    A description of the duties of each job;
    h.    A description of the requirements for each job; and
    i.    Location(s).

**ANSWER**:

---

CL-20-1941-G

**INTERROGATORY NO. 5:**
Please identify the name of all manuals reflecting Defendant's employment practices used or maintained (during the relevant time period), including but not limited to manuals containing all employee hiring, discharge, lay-off, promotion, job assignment, incentives, bonuses and pay scale policies.

**ANSWER:**

**INTERROGATORY NO. 6:**
For each reason articulated by Defendant in response to Interrogatory No. 3 justifying Plaintiff's termination/non-renewal, identify the policy violated by Plaintiff, providing the following information for all changes concerning Plaintiff's job duties:

    a. Name of the manual(s);
    b. Chapter Title(s);
    c. Policy Name(s) and Section(s); and
    d. Page Number.

**ANSWER:**

**INTERROGATORY NO. 7:**
Identify the name, job title, job duties, age, last day of employment, salary on last day of employment, home address, email address and telephone/mobile number of each former employee of Defendant who has filed an age and disability charges of discrimination against Defendant from 2015 to the present.

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the name, job title, job duties, age, first day of employment of each person who in whole or in part assumed Plaintiff's job duties.

**ANSWER:**

**INTERROGATORY NO. 9:**
Identify all disciplinary actions issued to Plaintiff by Defendant during her tenure with Defendant, include dates of alleged miscoduct.

**ANSWER:**

## END OF INTERROGATORIES

---

*Leal v. La Joya ISD*

Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant **Page 8**

CL-20-1941-G

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:
Admit Defendant was Plaintiff's employer for over 10 years..

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit Plaintiff was a full-time employee of Defendant.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit Plaintiff exhausted her administrative remedies.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit the Hidalgo County Courts at Law have subject matter jurisdiction over this matter.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit Plaintiff's termination occurred in Hidalgo County, Texas.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit proper venue for this action lies in Hidalgo County, Texas.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 8:
Admit progressive discipline was not afforded to Plaintiff before her termination.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 9:
Admit Defendant had a progressive discipline policy in place during the 2017-2018 school year.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 10:

*Leal v. La Joya ISD*

Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant **Page 9**

**CL-20-1941-G**

Admit Defendant did not issue Plaintiff written reprimands before May 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit Plaintiff is over age 50.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit Plaintiff was age 61  at the time Defendant did not renew her contract.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit Plaintiff was part of a protected class at the time she was separated from employment with Defendant.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit Plaintiff had left hip surgery in June 2014.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit Plaintiff sought reasonable accommodations for her left hip medical condition.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit Ms. Leal was part of a protected class in that she was over age 40.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit Ms. Leal was part of a protected class in that she had a disability (left hip replacement).

**RESPONSE:**

CL-20-1941-G

**REQUEST FOR ADMISSION NO. 18:**
Admit a Plaintiff's job duties were filled by a person under age 40.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**
Admit a Plaintiff's job duties were filled by a person under age 45.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
Admit a Plaintiff's job duties were filled by a person under age 50.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
Admit a Plaintiff's job duties were filled by a person under age 55.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**
Admit a Plaintiff's job duties were filled by a person under age 60.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
Admit a non-disabled person replaced Ms. Leal as an LSSP.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
Admit the TWC granted Ms. Leal unemployment benefits after her separation from La Joya ISD.

**RESPONSE:**

## END OF REQUESTS FOR ADMISSION

*Leal v. La Joya ISD*

Plaintiff's First Set of Interrogatories, Requests for Production, Requests for Admission & Requests for Disclosure to Defendant          **Page 11**

CL-20-1941-G

## REQUESTS FOR DISCLOSURE

Plaintiff requests that Defendant respond  to Tex. Rule of Civ. Proc. 194.2 (a) - (l) by no later than fifty (50) days after being served.

*Leal  v. La Joya ISD*                    Plaintiff's First Set of Interrogatories, Requests for
Production, Requests for Admission & Requests for
Disclosure to Defendant                    **Page 12**

Electronically Submit
5/8/2020 3:42
Hidalgo County Cl
Accepted by: Samantha Martir

**CAUSE NO. CL-20-1941-G**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

   To:   LA JOYA INDEPENDENT SCHOOL DISTRICT
         DR GISELA SAENZ
         201 E EXPRESSWAY 83
         LA JOYA TX  78560
         OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 24th day of April, 2020 in this Cause Numbered CL-20-1941-G on the docket of said Court, and styled,

**LUCILA LEAL**
vs.
**LA JOYA INDEPENDENT SCHOOL DISTRICT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition With Jury Demand & Discovery Exhibits accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
   MAURO F. RUIZ
   118 WEST PECAN BLVD
   MCALLEN TX  78501

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 8th day of May, 2020.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #7

BY _____ DEPUTY
              SAMANTHA MARTINEZ

Electronically Submit
5/8/2020 3:42
Hidalgo County Cl
Accepted by: Samantha Martir

SHERIFF'S CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____
M., by Deputy (Sheriff Constable) Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with
a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the
Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
       CIVIL PROCESS SERVER              DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and
time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
       CIVIL PROCESS SERVER              DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If
the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be
signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in
substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 20_____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Submitted
5/8/2020 3:42 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CAUSE NO. CL-20-1941-G**

THE STATE OF TEXAS
COUNTY OF HIDALGO

 NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

> To:    LA JOYA INDEPENDENT SCHOOL DISTRICT
>        DR GISELA SAENZ
>        201 E EXPRESSWAY 83
>        LA JOYA TX  78560
>        OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 24th day of April, 2020 in this Cause Numbered CL-20-1941-G on the docket of said Court, and styled,

**LUCILA LEAL**
**vs.**
**LA JOYA INDEPENDENT SCHOOL DISTRICT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition With Jury Demand & Discovery Exhibits accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    MAURO F. RUIZ
    118 WEST PECAN BLVD
    MCALLEN TX  78501

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 8th day of May, 2020.



ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #7

BY _____ DEPUTY
             SAMANTHA MARTINEZ

Electronically Submitted
5/8/2020 3:42 PM
Hidalgo County Clerk
Accepted by: Samantha Martinez

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
        Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

        Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with
a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the
Plaintiff's Petition, at the following
Date, time, and place, to-wit:

        NAME _____   DATE _____   TIME _____   PLACE _____

        By: _____          By: _____
                CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
        Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and
time(s), but to no avail:

        NAME _____   DATE _____   TIME _____   PLACE _____

        NAME _____   DATE _____   TIME _____   PLACE _____

        NAME _____   DATE _____   TIME _____   PLACE _____

        By; _____          By: _____
                CIVIL PROCESS SERVER                              DEPUTY SHERIFF/CONSTABLE

                    **COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,**
                          **CONSTABLE OR CLERK OF THE COURT**
In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If
the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be
signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in
substantially the following form:

"My name is _____, my date of birth is _____and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ____ day of _____, 20_____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Electronically Submitted
5/13/2020 10:51 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

Electronically Submit
5/8/2020 3:42
Hidalgo County Cl
Accepted by: Samantha Martir

CAUSE NO. CL-20-1941-G

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    LA JOYA INDEPENDENT SCHOOL DISTRICT
       DR GISELA SAENZ
       201 E EXPRESSWAY 83
       LA JOYA TX  78560
       OR AT SUCH OTHER PLACE AS THE DEFENDANT MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #7 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 24th day of April, 2020 in this Cause Numbered CL-20-1941-G on the docket of said Court, and styled,

**LUCILA LEAL**
vs.
**LA JOYA INDEPENDENT SCHOOL DISTRICT**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition With Jury Demand & Discovery Exhibits accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
    MAURO F. RUIZ
    118 WEST PECAN BLVD
    MCALLEN TX  78501

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 8th day of May, 2020.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #7

BY _____ DEPUTY
       SAMANTHA MARTINEZ

Electronically Submitted
5/13/2020 10:51 AM
Hidalgo County Clerk
Accepted by: Ester Espinoza

Electronically Submit
5/8/2020 3:42
Hidalgo County Cl
Accepted by: Samantha Martir

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _12th_ day of _May_, 20 _20_, at _8:45_ o'clock _A._
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED
    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit: _La Joya Independent School IDistrict_           _200 W. Expressway 83_
    NAME _Dr. Gisela Saenz_ DATE _5/12/2020_ TIME _11:02 am_ PLACE _La Joya, Texas 78560_
_by delivering to Norma Hinojosa, Record Specialist HR (La Joya ISD; Central Administration_
                                                                    _Bldg.)_
By _[signature]_                                By _____
        CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By; _____          By _____
        CIVIL PROCESS SERVER                          DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Juan M. Rodriguez_, my date of birth is _2/20/1950_ and my address is _P.O. Box 3847_
_Edinburg, Texas 78540_. I declare under penalty of perjury that the foregoing is true and correct
EXECUTED in _Hidalgo_ County, state of Texas, on the _12th_ day of _May_, 20 _20_.

_[signature]_
DECLARANT
# _PSC 5480 Exp. 7/31/2020_
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number